**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston,<br><br>               Plaintiff,<br><br>v.<br><br>Victoria L. Earle; the Law Office of Victoria L. Earle, LLC, an Arizona Limited Liability Company; Patricia V. Piburn and Raymon L. Piburn, husband and wife,<br><br>               Defendants. | No. CV-12-08165-PCT-JAT<br><br>**ORDER** |

      Pending before the Court are (1) Victoria L. Earle; the Law Office of Victoria L. Earle, LLC; and Patricia V. Piburn and Raymon L. Piburn's (collectively, "Defendants") Motion to Dismiss (Doc. 23); (2) Lynnell Levingston's (the "Plaintiff") Motion for Entry of Default (Doc. 27); (3) Plaintiff's Motion to Compel Compliance with Rule 16 (Doc. 29); and (4) Plaintiff's Motion for Sanctions (Doc. 24).

## I.  BACKGROUND

      In 2008, Plaintiff authored and published a book called *The Road Memoir of Corruption and Abuse of Power* (the "Book"). (Doc. 22 at 2). Plaintiff later registered the Book with the United State Copyright Office. *Id.* at 3. Plaintiff also posts writings to a self-hosted Internet Blog entitled *Three Men Make a Tiger* (the "Blog"). *Id.* at 2.

      On August 24, 2009, Plaintiff commenced an action for copyright infringement of the Book against at least some of the Defendants in the district court. (Doc. 23-5 at 2). While the action was pending, Plaintiff filed a Chapter 7 petition in the United States

Bankruptcy Court, District of Arizona. *Id.* In the schedule submitted to the Bankruptcy Court dated December 7, 3009, Plaintiff listed the Book as an asset, but Plaintiff did not list (1) the copyright right infringement claims related to the Book, (2) the Blog, or (3) the copyright infringement claim related to the Blog. (Doc. 23-2). The district court ultimately dismissed the copyright infringement action because Plaintiff failed to substitute or join the bankruptcy trustee, or alternatively, Plaintiff failed to allege that the action was exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. (Doc. 23-5 at 4).

On August 16, 2012, Plaintiff filed a Complaint (Doc. 1) with this Court, and on April 29, 2013, Plaintiff filed an Amended Complaint (Doc. 22). In the Amended Complaint, Plaintiff stated four claims for relief: (1) copyright infringement under 17 U.S.C. § 501, (2) contributory infringement, (3) civil conspiracy to commit misappropriation, and (4) violations of the Digital Millennium Copyright Act under 17 U.S.C. § 1201(a). On May 20, 2013, Defendants filed a Motion to Dismiss. (Doc. 23). Plaintiff responded to Defendants Motion to Dismiss in a First Opposition (Doc. 24) and a Second Opposition (Doc. 26). With the first Opposition, Plaintiff filed a Motion for Sanctions (Doc. 24) and a Motion for Out-of-Pocket Costs. After Defendants responded to the Amended Complaint, Plaintiff filed a Motion for Entry of Default (Doc. 27) and a Motion to Compel Compliance with the Rule 16 Conference (Doc. 29).

## II.   ANALYSIS

### A.   STANDING

Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Defendants argue that Plaintiff does not have standing to bring the action.

Under Federal Rule of Civil Procedure 12(b)(1), a litigant may seek dismissal of an action for lack of standing because "Article III standing is a species of subject matter jurisdiction." *Cariajano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) (citation omitted). When a defendant raises a factual challenge under Rule

12(b)(1), the Court is not limited to the allegations in the pleadings. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Therefore, the Court may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the court's subject matter jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). To survive a defendant's motion to dismiss the plaintiff has the burden of proving jurisdiction. *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

### 1. Copyright Infringement and Contributory Infringement Claims in the Bankruptcy Estate

Plaintiff's first cause of action is copyright infringement pursuant to 17 U.SC. § 501. Within that claim, Plaintiff alleges that Defendants infringed the Book copyright and the Blog copyright when Defendants made copies of the Book and the Blog for purposes of litigation beginning in 2008 and continuing to 2012. In Plaintiff's second cause of action, Plaintiff alleges that Defendant Patricia Piburn engaged in contributory infringement when she provided copies of the Book and the Blog to her attorney in October 2009. Defendants argue that Plaintiff lacks standing to bring this present action because Plaintiff filed a bankruptcy petition—with some property at issue not listed as assets—before the filing of this action. Therefore, because the bankruptcy trustee did not abandon the claims in this action, Plaintiff does not have standing to sue. To support their argument, Defendants attached Plaintiff's bankruptcy schedule. Because Defendants raised a factual challenge to Plaintiff's standing, the Court may consider the bankruptcy schedule and other exhibits attached to Defendants' Motion to Dismiss. Although Plaintiff does not address many of the standing issues in the Oppositions, Plaintiff claims that the rights to the Book reverted to her in August 2012. Plaintiff supports her position with a self-serving affidavit.[1] (Doc. 26).

When Plaintiff filed her bankruptcy petition, she created a bankruptcy estate that

---

[1] For purposes of the Motion to Dismiss, the Court assumes Plaintiff's affidavit is true. However, if the Court later finds that Plaintiff has made false statements in the affidavit that she submitted, Defendants may seek sanctions against Plaintiff.

- 3 -

included the property that is the subject of this action. 11 U.S.C. § 541(a)(1), (7). Section 541 provides that all of the debtor's assets, including causes of action, vest in the bankruptcy estate. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983) (Section "541(a)(1)'s scope is broad"). Once an asset becomes part of the bankruptcy estate, all debtor's rights in the asset are extinguished unless the asset is abandoned pursuant to § 554. 11 U.S.C. § 554(a)–(c). At the close of the bankruptcy case, property of the estate that is not abandoned pursuant to § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. 11 U.S.C. § 554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate, and the debtor lacks standing to pursue it. *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

Plaintiff lost rights in the assets that she failed to list on the bankruptcy schedule and thus does not have standing to pursue claims related to those assets. On August 24, 2009, Plaintiff filed an action for copyright infringement of the Book. (Doc. 23-5). The district court eventually dismissed the action because Plaintiff failed to add the bankruptcy trustee or show that the trustee had abandoned the claim. *Id.* Therefore, Plaintiff knew of her interest in the copyright infringement claim well before she filed for bankruptcy in December 2009, and yet failed to list it on the bankruptcy schedule. In addition, Plaintiff entirely failed to list the Blog as an asset, including any claims related to that asset. As a result, the interests in the following assets remain in the bankruptcy estate and did not revert to her upon discharge of her debts: (1) the claims arising before December 2009, including the copyright infringement and contributory infringement claims; (2) the Blog; and (3) claims related to the Blog. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). Because these interests are not Plaintiff's property, she lacks standing to pursue them.[2] Therefore, the following claims are dismissed because Plaintiff

---

[2] Alternatively, Plaintiff's claims are barred by the statute of limitations. Section 507(b) of the Copyright Act provides a three-year statute of limitations. 17 U.S.C. § 507(b). Because Plaintiff filed this action on August 16, 2009, copyright infringement claims arising before that date are barred.

- 4 -

does not have standing: (1) copyright infringement of the Blog; (2) copyright infringement claims of the Book arising before August 2012; and (3) the contributory infringement.[3]

### 2. Plaintiff Does Not Have Standing to Bring a Claim under the Digital Millennium Copyright Act

Plaintiff's fourth cause of action is a violation of § 1201(a)(1)(A) of the Digital Millennium Copyright Act (DMCA). Under this cause of action, Plaintiff alleges that Defendants submitted copies of the Blog to the superior court after Plaintiff had implemented security measures on the Blog. (Doc. 22 at 9). Plaintiff further alleges that the security measures prevent "copying, printing, and right-clicking," and thus Defendants must have circumvented these measures. *Id.* Defendants argue that Plaintiff does not have standing to bring this claim because the Blog is part of the bankruptcy estate.

The DMCA contains provisions "directed at the circumvention of a copyright owner's technological measures." *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 942 (9th Cir. 2010) (interpreting 17 U.S.C § 1201(a)). Section 1201(a)(1)(A) is a prohibition against "circumventing a technological measure that effectively controls access to a work protected under [the Copyright Act]," and it grants copyright owners the right to enforce the prohibition. 17 U.S.C. § 1201(a)(1)(A); *MDY Indus.*, 629 F.3d at 944. Here, Plaintiff does not have standing to pursue a claim under the DMCA because it gives only *copyright owners* a right to enforce. Plaintiff failed to list the Blog on the bankruptcy schedule. Thus, Plaintiff does not own the rights to the Blog; the ownership of the copyright rests in the bankruptcy estate. As a result, the DMCA claim is dismissed.

### B. FAILURE TO STATE A CLAIM

Defendants also seek dismissal pursuant to Federal Rule of Civil Procedure

---

[3] Plaintiff's affidavit states that the rights to the Book copyright reverted to her in August 2012, and thus Plaintiff has standing to pursue that claim.

- 5 -

12(b)(6) for failure to state a claim. To survive dismissal for failure to state a claim, the complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that the purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

### 1. Defendants' Use of the Copyrighted Book

It appears Plaintiff has failed to state a claim for copyright infringement in 2012 because it appears Defendants' use of the copyrighted Book constitutes "fair use".[4] *See* 17 U.S.C. § 107. While Defendants' Motion to Dismiss did not raise this issue, the Court raises the subject sua sponte. "The district court has the power to dismiss a complaint sua sponte for failure to state a claim . . . so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994).

The Amended Complaint alleges that in 2012 Defendants attached copies of the Book to a pleading. (Doc. 22 at 5). In this case, Defendants copied excerpts of the Book only for use in court proceedings against Plaintiff for harassment, not for enjoyment. (Doc. 23 at 8). Under these circumstances, Defendants did not commercially exploit Plaintiff's copyrighted Book. *Jartech, Inc v. Clancy*, 666 F.2d 403, 406–07 (9th Cir. 1982) (when parties use copyrighted excerpts in judicial proceedings, the copies are not commercially exploitive of the copyrighted work and do not have the same intrinsic use); *see also Hustler Magazine, Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1155 (9th Cir. 1986) (use that has no effect upon the market of the copyrighted work, or the value of the copyrighted work, does not need to prohibited to protect the author's incentive to create). Defendants merely used the excerpts as evidence in a judicial proceeding to show Plaintiff's conduct toward Defendants. As a result, it appears the use of the documents is

---

[4] The 2012 claim under the copyright infringement cause of action is the only claim that Plaintiff has standing to pursue. However, this analysis applies to all of Plaintiff's claims because all of the claims relate to use of copies of the Book and the Blog in judicial proceeding against Plaintiff for harassment.

- 6 -

"fair use" under 17 U.S.C. § 107 and not an infringement of Plaintiff's copyright because "works are customarily reproduced in various types of judicial proceedings, including obscenity and defamation actions . . . and it seems inconceivable that any court would hold such reproduction to constitute infringement." *Religious Tech. Center v. Wollersheim*, 971 F.3d 364, 367 (9th Cir. 1992) (holding that providing copies to expert witnesses for the purpose of preparing testimony in a state tort litigation fell under fair use) (citation omitted). Thus, Plaintiff has an opportunity to respond to the fair use defense, and if Plaintiff does not respond, the Plaintiff's copyright infringement claim will be dismissed.

## 2. Civil Conspiracy Requires an Underlying Tort

Plaintiff's third claim for relief is state law civil conspiracy. Defendants argued that there is no underlying tort of copyright infringement, because Plaintiff does not have rights to the Book or the Blog. In the alternative, Defendants argue that the generic allegations, without factual support, fail to assert a claim for relief under *Twombly*. "[L]iabilty for civil conspiracy requires that two more individuals agree and thereupon accomplish an underlying tort which the alleged conspirators agreed to commit." *Wells Fargo Bank v. Arizona Laborers Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 (Ariz. 2002) (citation omitted). A plaintiff must allege specific facts that support the inference of such an agreement. *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1021 (D. Ariz. 2001).

The civil conspiracy cause of action fails because the Amended Complaint does not allege sufficient facts to support a plausible legal claim of civil conspiracy and there is no underlying tort. The Amended Complaint alleges that "Defendants submitted yet another pleading . . . with [the Book and the Blog] attached" and that a third party attempted to arrange a settlement deal. (Doc. 22 at 8) These allegations are insufficient to show an actual conspiratorial agreement. The Complaint is simply void of any clear evidence of a plan to infringe Plaintiff's copyright.[5] Moreover, Defendants' use likely

---

[5] In addition, Exhibit 9, which Plaintiff alleges supports her claim, is not attached

constitutes fair use because Defendants attached copies of the Book to show Plaintiff's conduct in a harassment action, and as a result, an underlying tort does not exist. The civil conspiracy claim is dismissed because it does not allege facts showing that the Defendants actually agreed to infringe Plaintiff's copyright or that an underlying tort exists.[6]

### III.  CONCLUSION

In addition to the Motion to Dismiss, Defendants also moved for attorneys' fees. Under 17 U.S.C. § 505, the Court has discretion to award attorneys' fees to a prevailing party when doing so would further the purposes of the Copyright Act. *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007). Because Plaintiff has an opportunity to respond to fair use, the Court may not award attorneys' fees before Plaintiff's opportunity to respond. *Interscope Records v. Leadbetter*, 312 Fed. Appx. 50 (9th Cir. 2009) (a dismissal without prejudice does not constitute a material alteration in the litigants' legal relationship, and thus a party does not have prevailing party status). However, if there is a dismissal with prejudice, Defendants may again move for attorneys' fees.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 23) is granted in part; the motion remains pending, in part, subject to supplemental briefing. Defendants' Motion for Attorney's Fees (Doc. 23) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to address only fair use as discussed in this Order within fourteen days of the date of this Order.

---

the Amended Complaint. In the district court, the amended complaint supersedes the original complaint. *See Dowdy v. Raman*, No. 1:08-cv-00058, 2008 WL 1901330, *3 (E.D. Cal. 2008) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)).

[6] Although Defendants did not move under preemption, Plaintiff's state law civil conspiracy claim faces issues of preemption by the Federal Copyright Act. *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004) ("To survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright . . . .").

Defendant may reply within seven days from when Plaintiff responds. If Plaintiff does not respond, the Motion to Dismiss will be deemed granted in full with prejudice, and the Clerk of the Court shall enter judgment consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs, Attorney's Fees, Expense, Out-of-pocket Costs, and to Convert to a Motion for Summary Judgment (Doc. 24) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default (Doc. 27) is denied because Defendants responded to the Amended Complaint (Doc. 22) with a Motion to Dismiss (Doc. 23).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Compliance with Rule 16 (Doc. 29) is denied because a Rule 16 conference has not been held.

**IT IS FINALLY ORDERED** that Plaintiff's Motions for Sanctions (Docs. 24 and 26) are denied because there are no grounds to impose sanctions.

Dated this 20th day of November, 2013.

_____
James A. Teilborg
Senior United States District Judge