WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston,<br><br>              Plaintiff,<br><br>v.<br><br>Victoria L. Earle; the Law Office of Victoria L. Earle, LLC, an Arizona limited liability company; Patricia V. Piburn and Raymon L. Piburn, husband and wife,<br><br>              Defendants. | No. CV-12-08165-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Lynnell Levingston's Memorandum in Support of Opposition to Defendant's Claim of "Fair Use" and Motion to Disqualify the Honorable Judge Teilborg (Doc. 31). The Court now rules on all pending matters.

**I.      Background**

In its previous Order, the Court summarized the background of this dispute as follows:

> In 2008, Plaintiff authored and published a book called *The Road Memoir of Corruption and Abuse of Power* (the "Book"). (Doc. 22 at 2). Plaintiff later registered the Book with the United State[s] Copyright Office. *Id.* at 3. Plaintiff also posts writings to a self-hosted Internet Blog entitled *Three Men Make a Tiger* (the "Blog"). *Id.* at 2.
>
> On August 24, 2009, Plaintiff commenced an action for copyright infringement of the Book against at least some of the Defendants in the district court. (Doc. 23-5 at 2). While the action was pending, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, District of Arizona. *Id.* In the schedule submitted to the Bankruptcy Court dated December 7, [2]009, Plaintiff listed the Book as an asset, but

> Plaintiff did not list (1) the copyright right infringement claims related to the Book, (2) the Blog, or (3) the copyright infringement claim related to the Blog. (Doc. 23-2). The district court ultimately dismissed the copyright infringement action because Plaintiff failed to substitute or join the bankruptcy trustee, or alternatively, Plaintiff failed to allege that the action was exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. (Doc. 23-5 at 4).
>
> On August 16, 2012, Plaintiff filed a Complaint (Doc. 1) with this Court, and on April 29, 2013, Plaintiff filed an Amended Complaint (Doc. 22). In the Amended Complaint, Plaintiff stated four claims for relief: (1) copyright infringement under 17 U.S.C. § 501, (2) contributory infringement, (3) civil conspiracy to commit misappropriation, and (4) violations of the Digital Millennium Copyright Act under 17 U.S.C. § 1201(a). On May 20, 2013, Defendants filed a Motion to Dismiss. (Doc. 23). Plaintiff responded to Defendants Motion to Dismiss in a First Opposition (Doc. 24) and a Second Opposition (Doc. 26). With the first Opposition, Plaintiff filed a Motion for Sanctions (Doc. 24) and a Motion for Out-of-Pocket Costs. After Defendants responded to the Amended Complaint, Plaintiff filed a Motion for Entry of Default (Doc. 27) and a Motion to Compel Compliance with the Rule 16 Conference (Doc. 29).

*Levingston v. Earle*, 2013 WL 6119036, at *1 (D. Ariz. Nov. 21, 2013).

## II. Copyright Infringement Claim

In its previous Order, the Court granted Defendants' Motion to Dismiss (Doc. 23) on all claims except Plaintiff's copyright infringement claim for Defendants' alleged infringement of Plaintiff's book, *The Road Memoir of Corruption and Abuse of Power* (the "Book"). *Levingston*, 2013 WL 6119036, at *1, *4-5. Plaintiff's remaining infringement claim arose because Defendants attached copies of the Book to their pleadings when proceeding in court against Plaintiff for alleged harassment. *Id.* at *3. Plaintiff alleges Defendants' actions constituted willful copyright infringement. (Doc. 22 at 4-5).

Although Defendants' actions were clearly fair use, *see* 17 U.S.C. § 107, Defendants inexplicably failed to raise fair use as an affirmative defense. *See Levingston*, 2013 WL 6119036, at *3. Accordingly, the Court noted its power to sua sponte dismiss a complaint if "the plaintiff is given notice and an opportunity to be heard." *Id.* (quoting *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)). The Court ordered

Plaintiff to file a memorandum addressing only the issue of fair use and reserved its ruling on Plaintiff's infringement claim until Plaintiff had such opportunity to be heard. *Id.* at *5. The Court has considered Plaintiff's memorandum (Doc. 31) and now rules on whether to dismiss Plaintiff's infringement claim.[1]

Plaintiff's memorandum does not contain any significant original arguments concerning the doctrine of fair use in this case, or even fair use in general.[2] Instead, it contains nearly fifty pages of reproductions, either in whole or in substantial part, of various articles concerning fair use.[3] *See* (Doc. 31 at 9-56). Plaintiff reproduces substantial portions of, among others, Barton Beebe, *An Empirical Study of U.S. Copyright Fair Use Opinions, 1978-2005*, 156 U. Pa. L. Rev. 549 (2008) (Doc. 31 at 9-33); Joel Friedlander, *What Every Writer Ought to Know about Fair Use and Copyright*, The Book Designer (Feb. 8, 2010), http://www.thebookdesigner.com/2010/02/what-every-writer-ought-to-know-about-fair-use-and-copyright/ (Doc. 31 at 34-37); Rich Stim, *Summaries of Fair Use Cases*, Stanford Copyright & Fair Use Ctr., http://fairuse.stanford.edu/overview/fair-use/cases/ (last visited Mar. 17, 2014) (Doc. 31 at 38-40);

*Fair Use*, Copyright Codex, http://www.copyrightcodex.com/fair-use-toc/18-fair-use (last visited Mar. 17, 2014) (Doc. 31 at 40-46); Gene Quinn & Michael Sullivan, *Copyright Fair Use Cases of the United States Supreme Court*, IPWatchdog (Oct. 5,

---

[1] Plaintiff twice filed her memorandum for the purpose of including additional supporting exhibits. (Doc 32).

[2] Plaintiff's sole argument concerning the application of the fair use doctrine to the specific facts in this case appears to be contained in her Exhibit 24, which is a "Fair Use Checklist" under which Plaintiff has, without comment, checked boxes under factors purporting to favor or oppose fair use. These boxes include factors such as "Commercial activity," "Bad-faith behavior," and "Repeated or long-term use." (Doc. 31-4). Plaintiff checked eleven boxes purporting to oppose fair use and only one favoring fair use. (*Id.*) Plaintiff fails to connect these conclusory allegations to specific facts of this case, and this "Fair Use Checklist" does not support a finding of fair use.

[3] The memorandum also contains sections on standing and facts about her bankruptcy petition (Doc. 31 at 3-9, 56-58). Because the Court has already ruled on standing and ordered Plaintiff to "address only fair use as discussed in this Order," *Levingston*, 2013 WL 6119036, at *4, the Court will not consider these discussions.

2012), http://www.ipwatchdog.com/2012/10/05/copyright-fair-use-cases-of-the-united-states-supreme-court/id=26225 (Doc. 31 at 47-52); and Ninth Circuit Model Jury Instructions § 17.18 (2013 ed.) (Doc. 31 at 52-56).

The Court has reviewed the Plaintiff's quoted commentaries and finds them to be consistent with the conclusion of the Ninth Circuit Court of Appeals that reproductions of works in judicial proceedings are fair use. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992). Defendants' reproduction of the Book constituted fair use because it was a noncommercial use necessary to provide evidentiary support for Defendants' court proceedings.[4] Defendants could not attempt to prove Plaintiff's written harassment without providing the court with the allegedly harassing material.

Consequently, Plaintiff fails to state a claim against Defendants for copyright infringement and the Court will dismiss this claim.

### III. Motion to Disqualify

Plaintiff additionally moves in her memorandum to disqualify the undersigned Judge.[5] (Doc. 31 at 58). Plaintiff's basis for sanctions is footnote 1 in the Court's previous Order, which states: "For purposes of the Motion to Dismiss, the Court assumes Plaintiff's affidavit is true. However, if the Court later finds that Plaintiff has made false statements in the affidavit that she submitted, Defendants may seek sanctions against Plaintiff." *Levingston*, 2013 WL 6119036, at *2 n.1.

Plaintiff contends that this footnote evinces the Court's violation of "The Universal Human Rights Act of 1998 which guarantees Plaintiffs' [sic] *dignity*." (Doc. 31 at 1). "The Universal Human Rights Act of 1998" appears not to exist; the Court presumes Plaintiff refers to the similarly named "Universal Declaration of Human

---

[4] The Court notes that if Plaintiff's theory of infringement were true, if Plaintiff lacked a license to reproduce the commentaries that she has included in her memorandum, she would be liable for willful copyright infringement with statutory damages of up to $150,000 per infringement. *See* 17 U.S.C. § 504(c)(2). Presumably Plaintiff is not arguing for her own infringement liability.

[5] Because Plaintiff has not filed an affidavit avowing that the undersigned Judge has a personal bias or prejudice against her, the undersigned Judge may, in the absence of actual bias or prejudice, rule on Plaintiff's motion. *See* 28 U.S.C. §§ 144, 455.

1 Rights," (the "Declaration") which was adopted in 1948 and recognizes the fundamental
2 dignity of human beings. *See* Universal Declaration of Human Rights, G.A. Res. 217A
3 (III), U.N. Doc. A/810 (1948). The Declaration "does not of its own force impose
4 obligations as a matter of international law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734
5 (2004). Nor is it self-executing, and therefore it "did not itself create obligations
6 enforceable in the federal courts." *Id.* at 735; *see also Guaylupo-Moya v. Gonzales*, 423
7 F.3d 121, 133 (2d Cir. 2005) (noting that the Declaration did not create "independent,
8 privately enforceable rights"). Because Plaintiff has no enforceable rights under the
9 Declaration, her argument is procedurally improper.[6]

Plaintiff's second contention is that the Court's actions violated Canon 2 of the Arizona Code of Judicial Conduct. (Doc. 31 at 1, 58-59). The Court has not adopted the Arizona Code of Judicial Conduct, and consequently could not have violated its Canons. *Cf. McKinney v. Ryan*, 2009 WL 2432738, at *16 n.9 (D. Ariz. Aug. 10, 2009) (assertion of violation of Arizona Code of Judicial Conduct did not state a federal claim). Instead, the Court adheres to the Code of Conduct for United States Judges (the "Code of Conduct"). The Court has reviewed the Code of Conduct and finds that it has not committed any proscribed conduct in this case.[7] Plaintiff's misinterpretation of the Court's footnote does not give rise to a Code of Conduct violation, and adverse rulings alone are not sufficient to show bias, *see Liteky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly, the Court denies Plaintiff's motion to disqualify the undersigned Judge.

### IV. Conclusion

For the foregoing reasons,

---

[6] The Court expresses no opinion as to the merit of Plaintiff's argument.

[7] Per Plaintiff's request, (Doc. 31 at 58), the Court has also reviewed Plaintiff's Exhibit 30 attached to her memorandum. Exhibit 30 contains a copy of a pleading filed in an unrelated 2006 Ohio state court proceeding and a copy of Defendant Victoria L. Earle's directory listing on the State Bar of Arizona website. (Doc. 32-5). Neither is relevant to Plaintiff's motion.

**IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 23) in full with prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Disqualify the Honorable Judge Teilborg (Doc. 31).

**IT IS FURTHER ORDERED** that Defendants may move for attorneys' fees as prescribed in the Court's earlier Order. *See* (Doc. 30 at 8).

**IT IS FURTHER ORDERED** that the Clerk shall terminate this case.

Dated this 26th day of March, 2014.

James A. Teilborg
Senior United States District Judge