**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Victoria L. Earle, et al.,<br><br>　　　　　　　Defendants. | No. CV-12-08165-PCT-JAT<br><br>**ORDER** |

　　　　Pending before the Court are Defendants' "Motion to Reopen" (Doc. 42) and Defendants' "Renewed Motion for Attorney's Fees" (Doc. 44). The Court now rules on the motions.

　　　　Defendants' Motion to Reopen asks "for an Order reopening this case to consider a motion to award Defendants their attorney's fees herein." (Doc. 42 at 1). The Court entered judgment for Defendants on March 26, 2014. (Doc. 35). Federal Rule of Civil Procedure ("Rule") 54(d) provides that a motion for attorneys' fees must be "filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The local rules do not alter this time period. *See* LRCiv 54.2(b)(2) (". . . the party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for award of attorneys' fees and related non-taxable expenses . . . within fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered.").

　　　　Because Defendants failed to file their motion for attorneys' fees within fourteen

1  days after the Court's March 26, 2014 entry of judgment, their motion is untimely.[1]
2  Accordingly,

3  **IT IS ORDERED** denying Defendants' Motion to Reopen (Doc. 42).

4  **IT IS FURTHER ORDERED** denying Defendants' Renewed Motion for Attorney's Fees (Doc. 44).

6  Dated this 4th day of September, 2014.

James A. Teilborg
Senior United States District Judge

---

[1] Defendants apparently believe that Plaintiff's appeal to the Ninth Circuit Court of Appeals precluded the Court's judgment from being a final judgment. *See* (Doc. 43 at 1; Doc. 44 at 1). As *only* final judgments may be appealed, *see* 28 U.S.C. § 1291, this belief is necessarily in error. Moreover, Plaintiff's appeal did not divest the Court of its power to award attorneys' fees. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

- 2 -